**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-02096-CJC(JPRx)                              Date:  December 14, 2012

Title: <u>MICHAEL BUI v. NATIONSTAR MORTGAGE, LLC, ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                                          <u>    N/A    </u>
Deputy Clerk                                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                         None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**

On December 4, 2012, *pro se* Plaintiff Michael Bui filed this action against Defendants asserting several causes of action related to the property at 10421 Boca Canyon Drive, Santa Ana, CA.  Based upon a review of the Complaint, it appears that Mr. Bui fails to state a claim upon which relief can be granted.

As an initial note, the factual allegations in the Complaint do not appear to be complete.  Most of the allegations allude to a foreclosure, however, Mr. Bui never actually alleges that the property was foreclosed, or who foreclosed on it.  Additionally, many of the allegations are directed at "Defendants" generally.  This makes it very difficult to ascertain the nature of the allegations with respect to each defendant.  Such allegations fail to comply with Federal Rule of Civil Procedure 8 because they fail to put the Defendants on notice of the claims against them.

The Complaint suffers from a number of other problems.  Mr. Bui's claims appear to be premised on the allegation that his mortgage was not properly securitized.  (Compl. ¶ 12.)  However, Plaintiff alleges no facts explaining which requirements were not met, or how the failure to follow such requirements defeats the securitization process.  Furthermore, he fails to indicate how he was injured as a result of the failed securitization.  *See Milyakov v. JP Morgan Chase, N.A.*, No. C 11-02066 WHA, 2012

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-02096-CJC(JPRx)            Date: December 14, 2012

                                                                                      Page 2

---

WL 879245, at *4 (N.D. Cal. Mar. 15, 2012) ("If MERS's assignment was invalid, the true victim would be the current owner of the loan, who would have to file a claim against Chase."); *Fontenot v. Wells Fargo Bank*, *N.A.*, 198 Cal. App. 4th 256, 272 (2011) ("If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.").

       Moreover, the allegations of fraud are not pleaded in accordance with Federal Rule of Civil Procedure 9(b). Under Rule 9(b), a plaintiff alleging fraud must "state the time, place and specific content of the false representations as well as the parties to the misrepresentations." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citation and quotes omitted). Mr. Bui's fraud allegations, including those underlying his RICO claim, do not appear specific enough to meet these requirements.

       Accordingly, the Court orders Mr. Bui to show cause why this case should not be dismissed for failure to allege any cognizable claim. Mr. Bui shall file an opposition to the Court's order to show cause by January 4, 2012. Defendants shall have until January 11, 2012 to file a response. This matter will be decided on the papers without any hearing.

mtg

MINUTES FORM 11
CIVIL-GEN                                                            Initials of Deputy Clerk MU